1  JOHN M. MCCOY III, Cal. Bar No. 166244
   Email: mccoyj@sec.gov
2  FINOLA MANVELIAN, Cal. Bar No. 180681
   Email: manvelianf@sec.gov
3  MARSHALL S. SPRUNG, Cal. Bar No. 188253
   Email: sprungm@sec.gov
4  SAM S. PUATHASNANON, Cal. Bar No. 198430
   Email: puathasnanons@sec.gov
5
6  Attorneys for Plaintiff
   Securities and Exchange Commission
7  Rosalind R. Tyson, Regional Director
   Andrew G. Petillon, Associate Regional Director
8  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036-3648
9  Telephone: (323) 965-3998
   Facsimile: (323) 965-3908

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
APR - 1 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

"O"

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUEST SOFTWARE, INC., VINCENT C. SMITH, JOHN J. LASKEY, and KEVIN E. BROOKS,<br><br>Defendant. | Case No. SA CV 09-315- AG (MLGx)<br><br>[PROPOSED] FINAL JUDGMENT AGAINST QUEST SOFTWARE, INC. |

1  The Securities and Exchange Commission having filed a Complaint and
2  Defendant Quest Software, Inc. ("Quest") having entered a general appearance,
3  consented to the Court's jurisdiction over Quest and the subject matter of this
4  action, consented to entry of this Final Judgment without admitting or denying the
5  allegations of the Complaint (except as to jurisdiction), waived findings of fact and
6  conclusions of law, and waived any right to appeal from this Final Judgment:

## I.

8  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Quest and
9  its agents, servants, employees, attorneys, and all other persons in active concert or
10 participation with them who receive actual notice of this Final Judgment by
11 personal service or otherwise are permanently restrained and enjoined from
12 violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the
13 "Securities Act"), 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3), in the offer or sale of any
14 security by the use of any means or instruments of transportation or
15 communication in interstate commerce or by use of the mails, directly or
16 indirectly, to obtain money or property by means of any untrue statement of a
17 material fact or any omission of a material fact necessary in order to make the
18 statements made, in light of the circumstances under which they were made, not
19 misleading; or to engage in any transaction, practice, or course of business which
20 operates or would operate as a fraud or deceit upon the purchaser.

## II.

22 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Quest
23 and its agents, servants, employees, attorneys, and all other persons in active concert or
24 participation with them who receive actual notice of this Final Judgment by
25 personal service or otherwise are permanently restrained and enjoined from
26 directly or indirectly filing, or causing to be filed annual reports with the
27 Commission on Forms 10-K and quarterly reports with the Commission on Forms
28 10-Q that fail to contain material information necessary to make the required

1  statements in the Forms 10-K and 10-Q, in light of the circumstances under which
2  they are made, not misleading, in violation of Section 13(a) of the Exchange Act,
3  15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R.
4  §§ 240.12b-20, 240.13a-1, and 240.13a-13.

### III.

6      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Quest
7  and its agents, servants, employees, attorneys, and all other persons in active concert or
8  participation with them who receive actual notice of this Final Judgment by
9  personal service or otherwise are permanently restrained and enjoined from
10 directly or indirectly failing to make and keep accurate books, records, and
11 accounts which, in reasonable detail, accurately and fairly reflect financial
12 transactions and disposition of assets in violation of Section 13(b)(2)(A) of the
13 Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

### IV.

15     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Quest
16 and its agents, servants, employees and attorneys, and all other persons in active concert
17 or participation with them, who receive actual notice of this Final Judgment by
18 personal service or otherwise are permanently restrained and enjoined from
19 directly or indirectly failing to devise and maintain a system of internal accounting
20 controls sufficient to provide reasonable assurances that financial statements are
21 prepared in conformity with Generally Accepted Accounting Principles in
22 violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §78m(b)(2)(B).

### V.

24     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Quest
25 and its agents, servants, employees, attorneys, and all other persons in active concert or
26 participation with them who receive actual notice of this Final Judgment by
27 personal service or otherwise are permanently restrained and enjoined from
28 violating, directly or indirectly, Section 14(a) of the Exchange Act, 15 U.S.C.

§ 78n(a), and Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9, by using the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange to solicit by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communications with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Quest shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: APRIL 1, 2009

_____
UNITED STATES DISTRICT JUDGE