FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

JOHN M. MCCOY III, Cal. Bar No. 166244
Email: mccoyj@sec.gov
FINOLA H. MANVELIAN, Cal. Bar No. 180681
Email: manvelianf@sec.gov
MARSHALL S. SPRUNG, Cal. Bar No. 188253
Email: sprungm@sec.gov
SAM S. PUATHASNANON, Cal. Bar No. 198430
Email: puathasnanons@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUEST SOFTWARE, INC., VINCENT C. SMITH, JOHN J. LASKEY, and KEVIN E. BROOKS,<br><br>Defendant. | Case No. SA CV 09-315-AG (MLGx)<br><br>[PROPOSED] FINAL JUDGMENT AS TO KEVIN E. BROOKS |

1     The Securities and Exchange Commission having filed a Complaint
2 and Defendant Kevin E. Brooks ("Brooks") having entered a general appearance,
3 consented to the Court's jurisdiction over Brooks and the subject matter of this
4 action, consented to entry of this Final Judgment without admitting or denying the
5 allegations of the Complaint (except as to jurisdiction), waived findings of fact and
6 conclusions of law, and waived any right to appeal from this Final Judgment:

### I.

8     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Brooks
9 and his agents, servants, employees, attorneys, and all other persons in active concert or
10 participation with them who receive actual notice of this Final Judgment by
11 personal service or otherwise are permanently restrained and enjoined from
12 violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the
13 "Securities Act"), 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3), in the offer or sale of any
14 security by the use of any means or instruments of transportation or
15 communication in interstate commerce or by use of the mails, directly or
16 indirectly, to obtain money or property by means of any untrue statement of a
17 material fact or any omission of a material fact necessary in order to make the
18 statements made, in light of the circumstances under which they were made, not
19 misleading; or to engage in any transaction, practice, or course of business which
20 operates or would operate as a fraud or deceit upon the purchaser.

### II.

22     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
23 that Brooks and his agents, servants, employees, attorneys, and all other persons in
24 active concert or participation with them who receive actual notice of this Final
25 Judgment by personal service or otherwise are permanently restrained and enjoined
26 from violating Section 13(b)(5) of the Securities Exchange Act of 1934 (the
27 "Exchange Act"), 15 U.S.C. § 78m(b)(5), by knowingly circumventing or
28 knowingly failing to implement a system of internal accounting controls or

1 knowingly falsifying any book, record, or account described in Section 13(b)(2) of
2 the Exchange Act, 15 U.S.C. § 78m(b)(2).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Brooks and his agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-1, 17 C.F.R. § 240.13b2-1 by, directly or indirectly, falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Brooks and his agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2, 17 C.F.R. § 240.3b2-2 by, directly or indirectly,

   (a)   making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact necessary in order to make such statements true, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with the following: (i) any audit, review or examination of the financial statements of an issuer, or (ii) in the preparation or filing of any document or report required to be filed with the Commission; or

   (b)   taking action, or directing another to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit

or review of an issuer's financial statements required to be filed with the Commission, while knowing or while it should have been known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Brooks and his agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Rule 16a-3 thereunder, 17 C.F.R. § 240.16a-3, directly or indirectly, by failing to file, by improperly filing, or by filing inaccurate information in statements with the Commission regarding ownership of an issuer's securities, registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, as well as any changes in the ownership of such securities.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Brooks and his agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13, by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, that files quarterly and annual reports with the Commission on Forms 10-Q and Forms 10-K that fail to contain material information necessary to make the required statements in the Forms 10-Q and

accounting principles or any other criteria applicable to such statements, and (b) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Brooks is liable for disgorgement of $34,775, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,808.29, for a total of $40,583.29 (the "Disgorgement Amount"). Brooks shall be deemed to have disgorged the Disgorgement Amount on September 19, 2008, the date on which Brooks paid the Disgorgement Amount to Quest Software, Inc.

## X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Brooks shall pay a civil penalty in the amount of $60,000.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Brooks shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Kevin E. Brooks as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Brooks shall pay post-judgment interest on any delinquent amounts pursuant to 28

Forms 10-K, in light of the circumstances under which they are made, not misleading.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Brooks and his agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78$l$, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78$o$(d), in failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Brooks and his agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78$l$, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78$o$(d), in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted

1 | U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this
2 | paragraph to the United States Treasury.

### XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Brooks shall comply with all of the undertakings and agreements set forth therein.

### XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: APRIL 1, 2009

UNITED STATES DISTRICT JUDGE