1 | JOHN M. MCCOY III, Cal. Bar No. 166244
Email: mccoyj@sec.gov
2 | FINOLA MANVELIAN, Cal. Bar No. 180681
Email: manvelianf@sec.gov
3 | MARSHALL S. SPRUNG, Cal. Bar No. 188253
Email: sprungm@sec.gov
4 | SAM S. PUATHASNANON, Cal. Bar No. 198430
Email: puathasnanons@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

QUEST SOFTWARE, INC.,
VINCENT C. SMITH, JOHN J.
LASKEY, and KEVIN E. BROOKS,

    Defendant.

Case No. SA CV 09-315-AG (MLGx)

[PROPOSED] FINAL JUDGMENT
AS TO DEFENDANT VINCENT C.
SMITH

The Securities and Exchange Commission having filed a Complaint and
Defendant Vincent C. Smith ("Smith") having entered a general appearance,
consented to the Court's jurisdiction over Smith and the subject matter of this
action, consented to entry of this Final Judgment without admitting or denying the
allegations of the Complaint (except as to jurisdiction), waived findings of fact and
conclusions of law, and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Smith and
his agents, servants, employees, attorneys, and all other persons in active concert or
participation with them who receive actual notice of this Final Judgment by
personal service or otherwise are permanently restrained and enjoined from
violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the
"Securities Act"), 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3), in the offer or sale of any
security by the use of any means or instruments of transportation or
communication in interstate commerce or by use of the mails, directly or
indirectly, to obtain money or property by means of any untrue statement of a
material fact or any omission of a material fact necessary in order to make the
statements made, in light of the circumstances under which they were made, not
misleading; or to engage in any transaction, practice, or course of business which
operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
that Smith and his agents, servants, employees, attorneys, and all other persons in active
concert or participation with them who receive actual notice of this Final Judgment
by personal service or otherwise are permanently restrained and enjoined from
violating Section 13(b)(5) of the Securities Exchange Act of 1934 (the "Exchange
Act"), 15 U.S.C. § 78m(b)(5), by knowingly circumventing or knowingly failing to
implement a system of internal accounting controls or knowingly falsifying any

book, record, or account described in Section 13(b)(2) of the Exchange Act, 15
U.S.C. § 78m(b)(2).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
that Smith and his agents, servants, employees, attorneys, and all other persons in active
concert or participation with them who receive actual notice of this Final Judgment
by personal service or otherwise are permanently restrained and enjoined from
violating Exchange Act Rule 13a-14, 17 C.F.R. § 240.13a-14, directly or
indirectly, by falsely signing personal certifications indicating that he has reviewed
periodic reports containing financial statements which an issuer filed with the
Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a),
and that, based on his knowledge,

    (a)    these reports do not contain any untrue statement of material fact or
                omit to state a material fact necessary to make the statements made, in
                light of the circumstances under which such statements were made,
                not misleading with respect to the period covered by the report; and

    (b)    that information contained in these reports fairly present, in all
                material respects, the financial condition and results of the issuer's
                operations.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
that Smith and his agents, servants, employees, attorneys, and all other persons in active
concert or participation with them who receive actual notice of this Final Judgment
by personal service or otherwise are permanently restrained and enjoined from
violating Exchange Act Rule 13b2-1, 17 C.F.R. § 240.13b2-1 by, directly or
indirectly, falsifying or causing to be falsified, any book, record or account subject
to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

1

## V.

2    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

3  that Smith and his agents, servants, employees, attorneys, and all *other* persons in active

4  concert or participation with them who receive actual notice of this Final Judgment

5  by personal service or otherwise are permanently restrained and enjoined from

6  violating Exchange Act Rule 13b2-2, 17 C.F.R. § 240.13b2-2 by, directly or

7  indirectly:

8      (a)    making or causing to be made a materially false or misleading

9           statement, or omitting to state or causing another person to omit to

10           state any material fact necessary in order to make such statements

11           true, in light of the circumstances under which such statements were

12           made, not misleading, to an accountant in connection with the

13           following: (i) any audit, review or examination of the financial

14           statements of an issuer, or (ii) in the preparation or filing of any

15           document or report required to be filed with the Commission; or

16      (b)    taking action, or directing another to take action, to coerce,

17           manipulate, mislead, or fraudulently influence any independent public

18           or certified public accountant engaged in the performance of an audit

19           or review of an issuer's financial statements required to be filed with

20           the Commission, while knowing or while it should have been known

21           that such action, if successful, could result in rendering the issuer's

22           financial statements materially misleading.

23

## VI.

24    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Smith

25  and his agents, servants, employees, attorneys, and all *other* persons in active concert or

26  participation with them who receive actual notice of this Final Judgment by

27  personal service or otherwise are permanently restrained and enjoined from

28  violating, directly or indirectly, Section 14(a) of the Exchange Act, 15 U.S.C. §

1    78n(a), and Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9, by using

2    the mails or by any means or instrumentality of interstate commerce or of any

3    facility of a national securities exchange to solicit by means of any proxy

4    statement, form of proxy, notice of meeting or other communication, written or

5    oral, containing any statement which, at the time and in the light of the

6    circumstances under which it is made, is false or misleading with respect to any

7    material fact, or which omits to state any material fact necessary in order to make

8    the statements therein not false or misleading or necessary to correct any statement

9    in any earlier communications with respect to the solicitation of a proxy for the

10   same meeting or subject matter which has become false or misleading.

## VII.

12       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

13   that Smith and his agents, servants, employees, attorneys, and all other persons in active

14   concert or participation with them who receive actual notice of this Final Judgment

15   by personal service or otherwise are permanently restrained and enjoined from

16   violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Rule 16a-3

17   thereunder, 17 C.F.R. § 240.16a-3, directly or indirectly, by failing to file, by

18   improperly filing, or by filing inaccurate information in statements with the

19   Commission regarding ownership of an issuer's securities, registered pursuant to

20   Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, as well as any changes in the

21   ownership of such securities.

## VIII.

23       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

24   that Smith and his agents, servants, employees, attorneys, and all other persons in active

25   concert or participation with them who receive actual notice of this Final Judgment

26   by personal service or otherwise are permanently restrained and enjoined from

27   aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C.

28   § 78m(a), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-

4

1  20, 240.13a-1, and 240.13a-13, by knowingly providing substantial assistance to an

2  issuer which has a class of securities registered pursuant to Section 12 of the

3  Exchange Act, 15 U.S.C. § 78*l*, that files quarterly and annual reports with the

4  Commission on Forms 10-Q and Forms 10-K that fail to contain material

5  information necessary to make the required statements in the Forms 10-Q and

6  Forms 10-K, in light of the circumstances under which they are made, not

7  misleading.

8  **IX.**

9      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

10  that Smith and his agents, servants, employees, attorneys, and all other persons in active

11  concert or participation with them who receive actual notice of this Final Judgment

12  by personal service or otherwise are permanently restrained and enjoined from

13  aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15

14  U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to an issuer

15  which has a class of securities registered pursuant to Section 12 of the Exchange

16  Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of

17  the Exchange Act, 15 U.S.C. § 78*o*(d), in failing to make and keep books, records,

18  and accounts, which, in reasonable detail, accurately and fairly reflect the

19  transactions and disposition of the assets of the issuer.

20  **X.**

21      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

22  that Smith and his agents, servants, employees, attorneys, and all other persons in active

23  concert or participation with them who receive actual notice of this Final Judgment

24  by personal service or otherwise are permanently restrained and enjoined from

25  aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15

26  U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to an issuer

27  which has a class of securities registered pursuant to Section 12 of the Exchange

28  Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of

the Exchange Act, 15 U.S.C. § 78*o*(d), in failing to devise and maintain a system
of internal accounting controls sufficient to provide reasonable assurances that
(i) transactions are executed in accordance with management's general or specific
authorization; (ii) transactions are recorded as necessary (a) to permit preparation
of financial statements in conformity with generally accepted accounting principles
or any other criteria applicable to such statements, and (b) to maintain
accountability for assets; (iii) access to assets is permitted only in accordance with
management's general or specific authorization; and (iv) the recorded
accountability for assets is compared with the existing assets at reasonable
intervals and appropriate action is taken with respect to any differences.

## XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
that Smith is liable for a civil penalty in the amount of $150,000.00 pursuant to
Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the
Exchange Act, 15 U.S.C. § 78u(d)(3).  Smith shall satisfy this obligation by paying
$150,000 within ten (10) business days after entry of this Final Judgment by
certified check, bank cashier's check, or United States postal money order payable
to the Securities and Exchange Commission.  The payment shall be delivered or
mailed to the Office of Financial Management, Securities and Exchange
Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3,
Alexandria, Virginia 22312, and shall be accompanied by a letter identifying
Vincent C. Smith as a defendant in this action, setting forth the title and civil action
number of this action and the name of this Court, and specifying that payment is
made pursuant to this Final Judgment.  Smith shall pay post-judgment interest on
any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall
remit the funds paid pursuant to this paragraph to the United States Treasury.

**XII.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Smith shall comply with all of the undertakings and agreements set forth therein.

**XIII.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**XIV.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: APRIL 1 , 2009

_____
UNITED STATES DISTRICT JUDGE

7